## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GIANGRIECO, | : | CIVIL ACTION—LAW |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| SUSQUEHANNA COUNTY; | : | JURY TRIAL DEMANDED |
| ELIZABETH ARNOLD; and | : | |
| JUDITH HERSCHEL; | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Michael Giangrieco ("Mr. Giangrieco"), by and through his

counsel, Barry H. Dyller, Esq. of the Dyller Law Firm, hereby complains as

follows:

## JURISDICTION AND VENUE

1.     This action arises out of violations of the United States

Constitution, 42 U.S.C. §1983, the Pennsylvania Whistleblower Law

("PWL") 43 P.S. §1421 *et seq.*, and the common law.

2.     This Court has jurisdiction over this action pursuant to 28

U.S.C. §§ 1331, 1343 and 1367.

3.     Venue is proper in this judicial district under 28 U.S.C. §1391(b)

because a substantial part of the events or omissions giving rise to the

claim occurred in this judicial district, because plaintiff is a resident of this Commonwealth and this judicial district and defendants' principal places of business are in this Commonwealth and this judicial district.

## THE PARTIES

4.      Plaintiff Michael Giangrieco is an adult individual currently residing in Susquehanna County, Pennsylvania.

5.      Defendant Susquehanna County is a county located in Northeastern Pennsylvania.

6.      Susquehanna County is an "employer" as defined by the PWL, 43 P.S. § 1422, in that it is a "public body."

7.      Defendant Elizabeth Arnold ("Arnold") is a county commissioner of Susquehanna County.  Arnold has been a Susquehanna County Commissioner since 2016, and was re-elected in November 2019 for a new term beginning in 2020.  At all times referred to herein, Arnold acted under color of state law.

8.      Defendant Judith Herschel is a county commissioner of Susquehanna County, having been elected in November 2019 for a term beginning in January 2020.  Herschel's actions discussed herein were under color of state law.

2

9.     Defendants Arnold and Herschel are each "employers" as defined by the PWL, 43 P.S. § 1422, in that they are individuals who receive money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body.

## BACKGROUND

Ms. Giangrieco's Position with Susquehanna County

10.     Mr. Giangrieco initially was the Susquehanna County solicitor from 1996 through 2008.  In 2008 Mr. Giangrieco was elected as a Susquehanna County Commissioner, and served two terms in that capacity until 2016.  In January of 2017 Mr. Giangrieco was again asked to be the Susquehanna County solicitor.  Mr. Giangrieco accepted that position and again served as the Susquehanna County Solicitor.  Mr. Giangrieco held the position of Susquehanna County Solicitor continuously from the time he began that position until January 6, 2020, when Susquehanna County terminated him.

Events Leading to Mr. Giangrieco's Termination

11.     During Arnold's first term as a county commissioner, Mr. Giangrieco spoke to her repeatedly about actions she was taking that were

3

not only contrary to Susquehanna policy, but potentially exposed Susquehanna County to liability and did ultimately cause the county liability.

12.    While the speech did concern Arnold's actions, the speech was not part of Mr. Giangrieco's job duties as county solicitor because, among other things, the attorney appointed by Susquehanna County's insurance company had the responsibility to control Arnold's actions relating to litigation against Susquehanna County.

13.    Some of the speech involved potentially could be construed as legal advice.  Out of an abundance of caution, therefore, the speech is not detailed in this Complaint, which is a public document, although such speech was a cause of defendants' termination of Mr. Giangrieco's employment.[1]

---

[1] It is Mr. Giangrieco's belief that his duty of confidentiality does not apply because, pursuant to Rule 1.6(c)(4) of the Pennsylvania Rules of Professional Conduct, "[a] lawyer may reveal such information to the extent that the lawyer reasonably believes necessary: (4) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client…."  Further, the majority of courts to address this issue have held that Rule 1.6(c)(4) permits attorneys to use confidential documents or disclose confidential information to assert a claim against a former employer or client.

Plaintiff will amend this Complaint or provide further information to defendants and the Court (perhaps subject to a protective order) upon

<u>Mr. Giangrieco's Refusal to Lie to Protect Arnold</u>

14.     Two Susquehanna County employees sued Arnold and Susquehanna County for Arnold's acts.

15.     The attorney for the County's insurance company prepared documents in response to the EEOC complaint which were false and inaccurate, and did not reflect the facts given to her by Mr. Giangrieco and others.

16.     Mr. Giangrieco and others who gave statements saw that the response to the EEOC by Arnold and the insurance company was false. They called the insurance company and asked that the response be changed.

17.     Mr. Giangrieco and other employees were asked to lie.  Mr. Giangrieco was asked to change a statement he had previously made so a new and different statement would protect Arnold.

18.     Mr. Giangrieco refused to lie or to change his accurate statement as did other elected and appointed officials when requested to do so.

---

resolution of issues concerning confidentiality or the right to reveal such information.

19.    Mr. Giangrieco's true statement, which constituted speech, and his refusal to alter the statement and lie – refusal to engage in illegal speech – infuriated Arnold, because he would not lie to help cover up her actions.

The Campaign for County Commissioner Seats

20.    During 2019, defendant Herschel campaigned to become a Susquehanna County commissioner.

21.    The election board received complaints about improper filing of Herschel's financial statements.

22.    Mr. Giangrieco was involved in the Election Board hearing about those complaints, including speech about whether Herschel's financial statement filings were improper or what the remedy should be.

23.    Herschel took offense that Mr. Giangrieco had such involvement, and vowed to get even with him.

The November 14, 2019 Election

24.    Arnold and Herschel campaigned together to be elected as county commissioners.

25.    On November 14, 2019, there was an election for, among other things, the three Susquehanna County commissioner seats.

6

26.    Arnold won re-election.

27.    Defendant Judith Herschel won a seat as a county commissioner.

28.    Arnold and Herschel are political allies.

29.    Arnold and Herschel pledged to "get rid of the testosterone in the courthouse."  In other words, Arnold and Herschel pledged to get rid of men who worked at the courthouse and others who had opposed them.

<u>Arnold's Vows to Get Even With Mr. Giangrieco for His Speech</u>

30.    After she won re-election, Arnold vowed to get even with Mr. Giangrieco for the speech in which he had engaged.


Arnold and Herschel Conspire With
<u>Each Other to Terminate Mr. Giangrieco</u>

31.    Arnold and Herschel conspired with each other, both before and after the election, to terminate Mr. Giangrieco for their perceived slights, which all related to Mr. Giangrieco's speech.

32.    Arnold and Herschel were so brazen about their conspiracy and their plan to terminate Mr. Giangrieco, that they disclosed this plan to other persons.

Co-Conspirators Arnold and Herschel Are
Sworn in and Promptly Terminate Mr. Giangrieco

33.    On December 31, 2019, Arnold and Herschel were sworn in as
county commissioners.

34.    One week later, on January 6, 2020, in one of their first acts as
commissioners together, Arnold and Herschel voted to terminate Mr.
Giangrieco.

35.    The third county commissioner voted not to terminate Mr.,
Giangrieco.

36.    The termination of Mr. Giangrieco involved only him and not a
class of county employees.


Defendants Are Liable to Mr. Giangrieco

37.    Arnold and Herschel are liable to Mr. Giangrieco and
responsible for the damages he has suffered and continues to sustain,
because of their active involvement in retaliating against him for his
exercise of his First Amendment free speech rights and his whistleblowing,
and because they conspired with each other to do so.

38.    Susquehanna County is liable to Mr. Giangrieco because its
legislative body or authorized decisionmakers intentionally deprived him of

a federally protected right by retaliating against him for engaging in

constitutionally protected speech.

## COUNT ONE
**(First Amendment; 42 U.S.C. §1983)**

39.   Plaintiff hereby incorporates all prior paragraphs herein as if set

forth at length.

40.   Defendants retaliated against plaintiff because plaintiff

exercised his First Amendment free speech rights.

41.   Plaintiff engaged in activity protected by the First Amendment

by speaking to them and to others about their conduct.

42.   Plaintiff also engaged in activity protected by the First

Amendment by refusing to speak in legal or administrative proceedings or

to Arnold's and Susquehanna County's insurance company in a manner

which would have been false.

43.   Defendants Arnold and Herschel conspired with each other to

retaliate against plaintiff because he exercised his First Amendment free

speech rights.

44.   Defendants retaliated against plaintiff by terminating his

employment.

45.    Defendants' conduct, and their conspiracy, was therefore a deprivation under color of state law of rights guaranteed to the plaintiff under the First and Fourteenth Amendments to the United States Constitution.

46.    As a result of defendants' violations of the plaintiff's Constitutional rights, Mr. Giangrieco suffered substantial injuries and damage.

## COUNT TWO
### 43 P.S. §1421 *et seq.*
### Pennsylvania Whistleblower Law—Retaliation (PWL)

47.    Plaintiff hereby incorporates all prior paragraphs herein as if set forth at length.

48.    Plaintiff was a "whistleblower" as that term is defined in 43 P.S. §1422, and he reported "wrongdoing" and/or "waste" as those terms are defined in 43 P.S. §1422.

49.    Plaintiff was discriminated and/or retaliated against at work for reasons expressly prohibited by 43 P.S. §1423, including reporting "wrongdoing" and/or "waste."

50.    Defendant Susquehanna County is directly responsible for the discrimination and/or retaliation, as it is the "employer" which terminated Mr. Giangrieco's employment.

51.    Defendants Arnold and Herschel are each "employers" as defined by the Pennsylvania Whistleblower Law, 43 P.S. §1422, in that they each receive money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body.

52.    Defendants Arnold and Herschel, individually and acting for Susquehanna County, are responsible for the discrimination and/or retaliation, in that they conspired and acted in concert with each other, to terminate Mr. Giangrieco from his employment.

53.    As a result of such unlawful employment practices, plaintiff suffered damages.

## COUNT THREE
### 42 U.S.C. §1983

54.    Plaintiff hereby incorporates all prior paragraphs herein as if set forth at length.

55.    A motivating factor and cause of defendants' termination of Mr. Giangrieco was that he is male.

56.    Terminating Mr. Giangrieco furthered defendants Arnold's and Herschel's pledge to get rid of the testosterone in the courthouse.

57.    An employee's gender as a factor in his termination from governmental employment violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

58.    As a result of defendants' violations of the plaintiff's Constitutional rights, Mr. Giangrieco suffered substantial injuries and damage.

## COUNT FOUR
### (Wrongful Termination in Violation of Public Policy)

59.    Plaintiff hereby incorporates all prior paragraphs herein as if set forth at length.

60.    Defendants terminated Mr. Giangrieco's employment with Susquehanna County.

61.    A cause of defendants' termination of Mr. Giangrieco's employment was his refusal to lie or to give a false statement in official documents, including in statements to the EEOC.

62.    Public policy requires all persons to give only truthful and non-misleading statements in litigation or to administrative agencies such as the EEOC.

63.     Public policy prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

64.     Public policy prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice.

65.     Public policy prohibits an attorney from providing false evidence, or from counseling or assisting a witness to provide false evidence.

66.     A cause of defendants' termination of Mr. Giangrieco was that Mr. Giangrieco refused to violate his obligations as a citizen and attorney as identified in such public policies.

67.     As a result of defendants' termination of Mr. Giangrieco's employment, Mr. Giangrieco sustained damages.

WHEREFORE, plaintiff demands judgment as follows:

A.     An amount to be determined at trial from all defendants, including punitive damages against all defendants except Susquehanna County, and interest;

B.     Reinstatement of plaintiff's employment, with full back pay including the value of all employment benefits, and interest;

C.    For Plaintiff's costs and attorneys' fees; and

D.     For such other and further relief as this Court deems just.

<div style="margin-left: 50%;">

Respectfully submitted,

DYLLER LAW FIRM

s/ Barry H. Dyller
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA  18701
(570) 829-4860
Attorney for Plaintiff

</div>

## Jury Demand

Plaintiff demands a trial by jury on all issues triable to a jury.