UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GIANGRIECO, | : | CIVIL ACTION—LAW |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  3:20-cv-817 |
| | : | |
| SUSQUEHANNA COUNTY; | : | JURY TRIAL DEMANDED |
| ELIZABETH ARNOLD; and | : | |
| JUDITH HERSCHEL; | : | |
| | : | |
| Defendants  . | : | |

## JOINT CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f) and This Court's policies and procedures, counsel for Plaintiff, Dyller Law Firm, counsel for Defendants, Elizabeth Arnold and Judith Herschel (collectively the "Commissioners") MacMain, Connell & Leinhauser, LLC, and counsel for Susquehanna County (the "County"), Kreder Brooks Hailstone LLP (collectively, the "Parties") conferred on July 16, 2020, and via email communications thereafter.  The Parties submit the following joint report of their discussions for This Court's consideration.

1. **Principal Issues**

    1.1 **Separately for each party, please give a statement summarizing this case:**

By Plaintiff:

Mr. Giangrieco initially was the Susquehanna County solicitor from 1996 through 2008.  In 2008 Mr. Giangrieco was elected as a Susquehanna County Commissioner, and served two terms in that capacity until 2016.  In January of 2017 Mr. Giangrieco was again asked to be the Susquehanna County solicitor.  Mr.

Giangrieco accepted that position and again served as the Susquehanna County Solicitor. Mr. Giangrieco held the position of Susquehanna County Solicitor continuously from the time he began that position until January 6, 2020, when Susquehanna County terminated him.

Defendant Arnold is a Susquehanna County Commissioner. During Arnold's first term as a county commissioner, Mr. Giangrieco spoke to her repeatedly about actions she was taking that were not only contrary to Susquehanna policy, but potentially exposed Susquehanna County to liability and did ultimately cause the county liability.

While the speech did concern Arnold's actions, the speech was not part of Mr. Giangrieco's job duties as county solicitor because, among other things, the attorney appointed by Susquehanna County's insurance company had the responsibility to control Arnold's actions relating to litigation against Susquehanna County.

Mr. Giangrieco also refused to lie and gave a true statement to the EEOC relating to a lawsuit against Susquehanna County. This speech infuriated defendant Arnold.

<u>The Campaign for County Commissioner Seats</u>

During 2019, Defendant Herschel campaigned to become a Susquehanna County commissioner. The election board received complaints about improper filing of Herschel's financial statements.

Mr. Giangrieco was involved in the Election Board hearing about those complaints, including speech about whether Herschel's financial statement filings were improper or what the remedy should be.

Herschel took offense that Mr. Giangrieco had such involvement, and vowed to get even with him.

<u>The November 14, 2019 Election</u>

Arnold and Herschel campaigned together to be elected as county commissioners.

On November 14, 2019, there was an election for, among other things, the three Susquehanna County commissioner seats.

Arnold won re-election.

Defendant Judith Herschel won a seat as a county commissioner.

Arnold and Herschel are political allies.

Arnold and Herschel pledged to "get rid of the testosterone in the courthouse." In other words, Arnold and Herschel pledged to get rid of men who worked at the courthouse and others who had opposed them.

Arnold's Vows to Get Even With Mr. Giangrieco for His Speech

After she won re-election, Arnold vowed to get even with Mr. Giangrieco for the speech in which he had engaged.

Arnold and Herschel conspired with each other, both before and after the election, to terminate Mr. Giangrieco for their perceived slights, which all related to Mr. Giangrieco's speech. On December 31, 2019, Arnold and Herschel were sworn in as county commissioners.

One week later, on January 6, 2020, in one of their first acts as commissioners together, Arnold and Herschel voted to terminate Mr. Giangrieco. The third county commissioner voted not to terminate Mr., Giangrieco.

The termination of Mr. Giangrieco involved only him and not a class of county employees.

By Commissioner Defendants:

Defendants, Commissioner Elizabeth Arnold and Commissioner Judith Herschel (collectively "Commissioners"), were sworn in as Susquehanna County Commissioners for the 2020 term.  As commissioners they have the authority to appoint a solicitor on behalf of Susquehanna County (the "County").  They likewise have the authority to remove an appointed solicitor at will as the appointing authority.

The Commissioners reviewed a number of individuals, including Mr. Giangrieco, Mr. O'Conner, and Ms. McCambridge, for the position of solicitor. On January 6, 2020, Commissioner Herschel moved to appoint Mr. O'Conner as solicitor. Commissioner Arnold seconded the motion. Commissioner Hall opposed. Mr. O'Conner thereafter became the County's solicitor. Mr. Giangrieco's services as solicitor were discontinued upon the appointment of Mr. O'Conner.

None of the actions taken by the Commissioners violated the Constitutional or statutory rights of Mr. Giangrieco or in retaliation for his exercise of those rights.

<u>By County Defendant:</u>

This is an action for alleged violations under Civil Rights Act of 1964 and pendant state law claims. Mr. Giangrieco claims that he was terminated as County Solicitor in retaliation for his exercise of his First Amendment Rights. However, Mr. Giangrieco was an appointed, at-will, employee of the County. The Commissioners voted to appoint a new County Solicitor.

> **1.2.1 The facts the parties <u>dispute</u> are as follows:**
>> The Parties dispute the facts and circumstances surrounding and regarding the conversation between Commissioner Arnold and Mr. Giangrieco during her first term as County Commissioner. Further in dispute is the alleged reaction or motivation those conversations had on future actions of Commissioner Arnold in her role as County Commissioner.

> The Parties dispute the facts and circumstances surrounding and regarding the alleged complaints and/or improper financial filings by Commissioner Herschel during her campaign.
>
> The Parties dispute the facts and circumstances surrounding and regarding the allegation that a conspiracy existed between Commissioner Arnold and Commissioner Herschel.
>
> The Parties dispute the facts and circumstances surrounding and regarding the decision by Commissioner Arnold and Commissioner Herschel to appoint another individual as County solicitor.
>
> The Parties dispute the actions of Mr. Giangrieco constitute protected activity pursuant to the Pennsylvania Whistleblower Law.
>
> The Parties dispute whether Defendants terminated Mr. Giangrieco's employment.

**1.2.2 The facts the parties <u>agree</u> upon are as follows:**

a. On January 6, 2020, Commissioner Arnold voted to appoint Francis O'Conner as the County solicitor.

c. On January 6, 2020, Commissioner Herschel voted to appoint Francis O'Conner as the County solicitor..

d. On January 6, 2020, Commissioner Hall voted to not to appoint Francis O'Conner as the County solicitor.

**1.3    The legal issues the parties <u>dispute</u> are as follows:**

a. The Parties dispute the liability of Commissioner Arnold and Commissioner Herschel to Mr. Giangrieco for alleged retaliation against him for the exercise of his First Amendment rights and protected activities under the Pennsylvania Whistleblower Law.

b. The Parties dispute Commissioner Arnold and Commissioner Herschel conspired with each other for the purpose of violating Mr. Giangrieco's constitutional rights and protected activities under the Pennsylvania Whistleblower Law.

c. The Parties dispute that Mr. Giangrieco was subjected to wrongful termination pursuant to a public policy.

d. The Parties dispute that Commissioner Arnold and Commissioner Herschel violated Mr. Giangrieco's constitutional rights pursuant to the Fourteenth Amendment Equal Protect Clause.

e. The Parties dispute that Mr. Giangrieco suffered, continues to suffer, or will suffer in the future any damages as a result of the conduct of Commissioner and Commissioner Herschel.

f. Susquehanna County is liable to Mr. Giangrieco because its legislative body or authorized decisionmakers intentionally deprived him of a federally protected right by retaliating against him for engaging in constitutionally protected speech.

g. The Parties dispute whether Mr. Giangrieco was an at-will employee who may be terminated for any reasons.

**1.3.2 The legal issues the Parties <u>agree</u> upon are as follows:**

a. County Defendant was acting under color of state law.

b. Commissioner Defendants were acting under color of state law during the time periods they were sworn in as commissioners for the County.

**1.4** **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None

**1.5** **Identify any named parties that have not yet been served:**

None

**1.6** **Identify any additional parties that:**

<u>Plaintiff(s) intends to join:</u>  None at this time.

Commissioner Defendant(s) intends to join: None at this time.

County Defendant intends to join: None at this time.

**1.7    Identify any additional claims that:**

Plaintiff(s) intends to add: None at this time.

Commissioner Defendant(s) intends to add: None at this time.

County Defendant intends to add: None at this time.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1    Separately for each party, list by name and title/position each person whose identity has been disclosed.**

Disclosed by Plaintiff:

| Name | Title/Position |
| --- | --- |
| Michael Giangrieco | Plaintiff |
| Elizabeth Arnold | Defendant |
| Judith Herschel | Defendant |
| Rob Hyde | Chief Clerk, Susquehanna County |
| Alan Hall | Susquehanna County Commissioner |
| Mary Ann Warren | former Susquehanna County Commissioner |
| Robert Stoud | Susquehanna County Right to Know Officer |
| Colleen Schake | Citizen |
| Macy Rudock | Director of the Election Office |
| Margaret Jan Krupinski | Prothonotary |
| Maggie McNamara | Former County Employee |
| Robin Read | Attorney |

| | |
|---|---|
| Cassie Troup | County Commissioners Association of PA |
| Jennifer Ulsh | County Commissioners Association of PA |
| Patty Ensminger | County Commissioners Association of PA |

<u>Disclosed by Commissioner Defendants:</u>

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Michael Giangrieco | Plaintiff |
| Elizabeth Arnold | Defendant |
| Judith Herschel | Defendant |
| Alan Hall | County Commissioner, Susquehanna County |
| Jean Conklin | Human Resources, Susquehanna County |
| Rebekah Hubbard | Chief Clerk, Susquehanna County |

The Commissioner Defendants also identified the individuals disclosed by Plaintiff as individual who may have information related to the claims/defenses of the parties. The Commissioner Defendants reserve the right to amend their initial disclosures to include any individuals identified through discovery.

<u>Disclosed by County Defendant:</u>

The County Defendant identifies the individuals disclosed by Plaintiff and Commissioner Defendants as individuals who may have information related to the claims/defenses of the parties. The County Defendant does not have any additional individuals to disclose at this time and reserves the right to amend their initial disclosures to include any individuals identified through discovery.

**3.0  Early Motions**

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss | Commissioner Defendants | August 3, 2020 |

**4.0   Discovery**

    **4.1   Briefly describe any discovery that has been completed or is in progress:**

<u>By Plaintiff(s):</u> Document Requests served on Defendants. Initial Disclosures were disclosed to all Defendants.

<u>By Commissioner Defendant(s):</u> No discovery has been served upon Plaintiff.  Commissioner Defendants intend to serve Document Requests and Interrogatories on Plaintiff.  Commissioner Defendants will provide their Initial Disclosures within the time limit set forth by the Federal Rules of Civil Procedure.

<u>By County Defendants:</u> Discovery has not been served on Plaintiff by County Defendant, however, County Defendant anticipates serving Interrogatories and Document Requests on Plaintiff.

    **4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

The Parties agree that written discovery in the form of requests for production, interrogatories, and requests for admissions are necessary.  The Parties further agree that depositions of the parties and key witnesses are necessary.  The Parties intend to explore their claims and/or defenses to the extent provided by the Federal Rules of Civil Procedure.

    **4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

No such discovery at this time.

**4.4** **Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:**

No limitations at this time.

**4.5** **For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

The Parties agree to abide by the Federal Rules of Civil Procedure and this Court's local rules regarding limitations on discovery.

    **4.5.1** **depositions (excluding experts) to be taken by:**

        Plaintiff(s): <u>10</u>

        Commissioner Defendant(s): <u>10</u>

        County Defendant: <u>10</u>

    **4.5.2** **interrogatories to be served by:**

        Plaintiff(s): <u>25 total</u>

        Commissioner Defendant(s):<u>25 total</u>

        County Defendant: <u>25 total</u>

    **4.5.3** **document production requests to be served by:**

        Plaintiff(s):

        Commissioner Defendant(s):

        County Defendant

      **4.5.4   requests for admission to be served by:**

        Plaintiff(s): to be determined

        Commissioner Defendant(s): to be determined

        County Defendant: to be determined

**4.6   Discovery of Electronically Stored Information**

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and are discussing how those matters are to be handled including the preservation of social media data. Plaintiff believes the Commissioner Defendants have deleted social media posts relevant to his claims.  The Parties are working on addressing this issue.

**5.0   Protective Order**

No protective orders are anticipated by the Parties at this time.  The Parties reserve the right to revisit whether a protective order is necessary regarding information developed during discovery.

**6.0   Scheduling**

The Parties proposed the following agreed upon schedule of relevant deadlines for the Court's consideration:

    6.1   Final date for joining additional parties:

    January 31, 2020

    6.2   Final date for amending pleadings:

    January 31, 2020

    6.3   All fact discovery commenced in time to be completed by:

    April 1, 2021

    6.4   All potentially dispositive motions should be filed by:

    May 31, 2021

    6.5   Reports from retained experts due:

    May 31, 2021

    6.6    Supplementations due:

           June 30, 2021

    6.7    All expert discovery commenced in time to be completed by:

           May 31, 2021

    6.8    This case may be appropriate for trial in approximately:

           __X__ 365 Days from the filing of the action in this court

    6.9    Suggested Date for the final Pretrial Conference:

           June, 2021

    6.10   Trial

           July, 2021

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

    <u>For Plaintiff</u>

    Barry H. Dyller, Esq.
    Dyller Law Firm
    Gettysburg House
    88 North Franklin Street
    Wilkes-Barre, PA  18701

    Michael Giangrieco
    C/o Dyller Law Firm
    Gettysburg House
    88 North Franklin Street
    Wilkes-Barre, PA  18701

<u>For Defendants</u>

*Commissioner Elizabeth Arnold*
*Commissioner Judith Herschel*
C/o Matthew J. Connell, Esquire
MacMain, Connell & Leinhauser, LLC
433 West Market Street, Suite 200
West Chester, Pennsylvania 19380

Susquehanna County
C/o A. James Hailstone, Esquire
Kreder Brooks Hailstone LLP
220 Penn Avenue, Suite 200
Scranton, Pennsylvania 18503

Patty Ensminger
County Commissioners Association of Pennsylvania
PO Box 60769
Harrisburg, PA 17106-0769
*On behalf of all Defendants*

**8.0   Alternative Dispute Resolution ("ADR")**

    **8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

The case has not been assigned and the Parties have not agreed upon an ADR procedure for the resolution of this matter. However, the Parties will consider whether or not attending mediation and/or a settlement conference is appropriate upon the close of discovery.

    **8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

    **8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**9.0**     **Consent to Jurisdiction by a Magistrate Judge**

The Parties do not agree at this time to jurisdiction by a magistrate judge of this court.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        ____ Scranton/Wilkes-Barre

        ____ Harrisburg

**10.0   Other Matters**

The Parties believe it is pertinent to discuss with the Court the impact of Plaintiff's role as solicitor and the protections of attorney-client privilege to his communications with the Defendants, as well as the specificity of pleadings or motions in public filings.

There is a second action pending before the Middle District involving the Susquehanna County, Docket Number 17-cv-2183.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

     Identify by name, address, and telephone number lead counsel
     for each party.  Also please indicate ECF User status below.

| | |
|---|---|
| Date: July 23, 2020 | */s/ Barry H. Dyller*<br>Barry H. Dyller, Esq.<br>Dyller Law Firm<br>88 North Franklin Street<br>Wilkes-Barre, PA 18701<br>(570) 829-4860<br>*Attorney for Plaintiff, Michael Giangrieco* |
| Date: July 23, 2020 | */s/ Matthew J. Connell*<br>Matthew J. Connell, Esq.<br>MacMain, Connell & Leinhauser, LLC<br>433 W. Market Street, Suite 200<br>West Chester, PA 19382<br>(484) 318-7803<br>*Attorney for Defendants,*<br>*Commissioner Arnold*<br>*Commissioner Herschel* |
| Date:  July 23, 2020 | */s/ A. James Hailstone*<br>A. James Hailstone, Esquire<br>Kreder Brooks Hailstone LLP<br>220 Penn Avenue, Suite 200<br>Scranton, PA 18503<br>(570) 346-7922<br>*Attorney for Defendant,*<br>*Susquehanna County* |

## **CERTIFICATE OF SERVICE**

I, Matthew J. Connell, Esquire, hereby certify that on this 23rd day of July, 2020, the foregoing *Joint Case Management Plan* was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court of the Middle District of Pennsylvania. The following parties were served via ECF:

Barry H. Dyller, Esquire
88 North Franklin Street
Gettysburg House
Wilkes-Barre, PA 18701
*Attorney for Plaintiff*


A. James Hailstone, Esquire
Kreder Brooks Hailstone LLP
220 Penn Avenue
Suite 200
Scranton, PA 18503
*Attorney for Co-Defendant Susquehanna County*

**MacMain, Connell & Leinhauser, LLC**

By: */s/ Matthew J. Connell*
**Matthew J. Connell, Esquire**
**Attorney ID No. 80246**
**433 W. Market Street, Suite 200**
**West Chester, PA 19382**
**484-318-7803**
*Attorney for Commissioner Defendants*